COPY

Brent D. Sokol (State Bar No. 167537)
bdsokol@JonesDay.com
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071.2300
Telephone: 1.213.489.3939
Facsimile: 1.213.243.2539

John G. Froemming (*pro hac vice* application to be submitted
jfroemming@jonesday.com
David Jaquette (*pro hac vice* application to be submitted)
djaquette@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001.2113
Telephone: 1.202.879.3939
Facsimile: 1.202.626.1700

Attorneys for Plaintiffs
BMW OF NORTH AMERICA, LLC and
BAYERISCHE MOTOREN WERKE AG

FILED
CLERK U.S. DISTRICT COURT
SEP 22 2011
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BMW OF NORTH AMERICA, LLC AND BAYERISCHE MOTOREN WERKE AG,

Plaintiffs,

v.

U.S. AUTO PARTS NETWORK, INC.,

Defendant.

Case No. CV11-07863 PLA

Assigned for all purposes to:

**COMPLAINT FOR:**

**(1) FEDERAL TRADEMARK COUNTERFEITING AND INFRINGEMENT;**
**(2) FEDERAL UNFAIR COMPETITION;**
**(3) VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT;**
**(4) CALIFORNIA STATUTE UNFAIR COMPETITION;**
**(5) COMMON LAW UNFAIR COMPETITION; AND**
**(6) DESIGN PATENT INFRINGEMENT**

**DEMAND FOR JURY TRIAL**

## I. NATURE OF THE CASE

Plaintiffs BMW of North America, LLC and Bayerische Motoren Werke AG (collectively "BMW") seek injunctive and monetary relief from Defendant U.S. Auto Parts Network, Inc. for trademark counterfeiting and infringement, cybersquatting, unfair competition, and design patent infringement. As alleged more fully below, Defendant has violated the Trademark Act of 1946 as amended, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act"), and California law through its unauthorized advertisement and sale of counterfeit goods bearing BMW's Roundel logo at over a hundred websites, including at least three that confusingly incorporate BMW's famous trade name and trademark into their trade and/or domain names. Defendant has also violated the Patent Act, 35 U.S.C. § 271, through its sale of wheels that infringe Plaintiffs' design patents.

## II. PARTIES

1. Plaintiff BMW of North America, LLC ("BMW NA") is a Delaware limited liability company with its principal place of business at 300 Chestnut Ridge Road, Woodcliff Lake, New Jersey 07677. BMW NA is a wholly owned subsidiary of BMW (US) Holding Corporation, a Delaware corporation, which is a wholly owned subsidiary of Bayerische Motoren Werke AG. BMW NA is the exclusive authorized distributor of "BMW" automotive and related products in the United States.

2. Plaintiff Bayerische Motoren Werke AG ("BMW AG") is a corporation organized under the laws of the Federal Republic of Germany with its principal place of business at Petuelring 130, 80809 Munich, Germany. BMW AG manufactures motor vehicles, emblems, wheels, and other parts for sale in Germany and for export and sale throughout the world.

3. Defendant U.S. Auto Parts Network, Inc. is a Delaware corporation having its principal place of business at 17150 South Margay Avenue, Carson, CA

90746. Defendant is a publicly traded retailer of parts for automobiles (Nasdaq: PRTS).

4. Defendant operates an extensive network of companies that advertise and sell automotive parts over the internet. Defendant does business under dozens of trade names at more than one hundred websites, including www.usautoparts.net ("US Auto Parts"), www.autopartswarehouse.com ("Auto Parts Warehouse"), www.bmwwholesaleparts.com ("BMW Wholesale Parts"), www.partstrain.com ("Parts Train"), and www.perfectfitgroup.com ("Perfect Fit"), where it sells new and remanufactured automotive parts, including counterfeit parts bearing BMW's trademarks and parts that infringe BMW's design patents.

## III. JURISDICTION AND VENUE

5. This is an action arising under the patent and trademark laws of the United States, specifically Titles 35 and 15 of the United States Code, 35 U.S.C. § 271 and 15 U.S.C. § 1051 *et seq.*

6. This Court has personal jurisdiction over Defendant because it conducts business in California.

7. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and 1338(b), and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over BMW's claims under California law.

8. This Court also has jurisdiction over this matter on diversity grounds as all the parties are citizens of different states and/or foreign nations and the amount in controversy exceeds $75,000.

9. Venue is proper in this District under 28 U.S.C. § 1391(b), as Defendant has its principal place of business in this District and, upon information and belief, a substantial part of the events or omissions giving rise to the claims herein have been occurring in this District.

## IV. FACTS COMMON TO ALL CLAIMS

### A. Plaintiffs' Famous "Roundel" logo and "BMW" trademark

10. BMW is in the business of designing, manufacturing, and distributing motor vehicles, hood and trunk emblems, wheels, wheel center caps, and a variety of other products under various trademarks, including the "BMW" word mark and the Roundel logo shown below:

11. BMW has used the Roundel logo and "BMW" mark in the United States continuously since at least as early as 1949 in connection with the sale and service of motor vehicles.

12. Since long prior to the acts of the Defendant complained of herein, BMW has also used the Roundel logo and "BMW" mark in connection with its business of manufacturing and distributing motor vehicles, hood and trunk emblems, wheels, wheel center caps, and a variety of other products in the State of California.

13. BMW AG is the owner of the following U.S. Registrations for its Roundel logo and "BMW" mark:

| **Mark** | **Reg. No.** | **Reg. Date** | **Class: Services/Goods** |
|---|---|---|---|
| | 613,465 | Oct. 4, 1955 | Automobiles, motorcycles and parts thereof |
| | 1,170,556 | Sept. 22, 1981 | Motor vehicle repair and maintenance services and dealership services |
| | 1,450,212 | Aug. 4, 1987 | Automobiles, |

| Mark | Reg. No. | Reg. Date | Class: Services/Goods |
|---|---|---|---|
|  | | | motorcycles, parts thereof, including wheels, wheel rims, and watches, clocks and various other goods and services |
|  | 2,752,258 | Aug. 19, 2003 | Cleaning preparations for use in the automotive field, engine oil and various other goods |
|  | 3,418,573 | Apr. 29, 2008 | Leasing and financing services for motor vehicles; online credit applications and online banking; loan services |
| "BMW" | 611,710 | Sept. 6, 1955 | Automobiles and motorcycles |
| "BMW" | 1,164,922 | Aug. 11, 1981 | Motor vehicle repair and maintenance services and dealership services |
| "BMW" | 1,627,241 | Sept. 18, 1990 | Clothing |
| "BMW" | 2,816,178 | Feb. 24, 2004 | Floor mats for vehicles, compact disc players, non-metal key rings, metal key rings, miniature toy vehicles |
| "BMW" | 3,436,270 | May 27, 2008 | Leasing services for motor vehicles; retail and wholesale financing services for motor vehicles; credit card services; online personal |

| **Mark** | **Reg. No.** | **Reg. Date** | **Class: Services/Goods** |
|---|---|---|---|
| | | | banking; online customer banking services for credit card, loan, finance and lease accounts; loan services |

These registrations were duly and legally issued, and are valid and subsisting. Registration Nos. 613,465; 1,170,556; 1,450,212; 2,752,258; 611,710; 1,164,922; 1,627,241; and 2,816,178 are incontestable pursuant to 15 U.S.C. § 1065.

14. BMW NA distributes its vehicles, parts, and accessories and provides maintenance services for its customers through nationwide networks of authorized dealers and service providers. BMW NA authorizes its BMW-branded dealerships to use the Roundel logo and "BMW" mark in connection with the sale and/or service of BMW products.

15. To create and maintain goodwill among its customers, BMW has taken substantial steps to assure that all authorized BMW dealers and service providers using the Roundel logo and "BMW" mark are of the highest quality.

16. BMW has expended millions of dollars in advertising efforts across the country in connection with its Roundel logo and "BMW" mark. As a result of BMW's long use and promotion of these marks, and prior to the wrongful activities alleged herein, BMW has established its Roundel logo and "BMW" mark as famous trademarks among members of the American public.

**B. BMW Design Patents**

17. BMW is one of the foremost manufacturers of automobiles and automobile-related products, including wheels, in the world.

18. BMW AG is the owner of various valid and lawfully issued United States Design Patents, including wheel design patent nos. 560,585; 521,921; 502,679; 522,949; 496,623; 516,003; 480,035; 500,005; 514,999; 517,970;

594,396; 408,346; 409,968; 449,028; 493,404; and 504,100 (collectively, the "BMW design patents"). Copies of BMW's design patents are attached hereto as Exs. 5(A)-20(A). BMW NA is the exclusive licensee of said patents in the United States.

**C. Defendant's Wrongful Activities**

**i. <u>Trademark Infringement and Related Violations</u>**

19. Defendant is advertising and selling hood, trunk, and side emblems and wheel center caps that feature BMW's Roundel logo, even though these products are not made or authorized by BMW. *See* Ex. 1.

20. Defendant is also advertising wheels that are not made or authorized by BMW, but with center caps bearing BMW's Roundel logo. *See, e.g.*, Ex. 2.

21. Defendant is displaying BMW's Roundel logo in the banner of one of its internet stores, "BMW Wholesale Parts" at www.bmwwholesaleparts.com, to give the look and feel of an authorized BMW parts retailer. *See* Ex. 3.

22. Defendant is advertising and selling the above-mentioned parts at over a hundred internet domain names, including at least three BMW-composite domain names that suggest an affiliation with BMW and which Defendant has registered without authorization from BMW: (i) www.bmwpartstore.com, (ii) www.bmwwholesaleparts.com, and (iii) www.alloembmwparts.com (which does not exclusively offer original equipment manufacturer ("OEM") parts for or by BMW, or even for BMWs).

23. Defendant is calling its products "BMW Emblems," "BMW Radiators," "BMW [model] parts," and the like, even though these products are not, in fact, BMW emblems, BMW radiators, or BMW parts. *See* Exs. 1, 4.

24. Defendant's unauthorized use of BMW's trademarks in the manner described above:

(a) is likely to cause confusion (including but not limited to post-purchase and point-of-sale confusion), to cause mistake, and/or

to deceive customers and potential customers of the parties, as to the origin, sponsorship, or approval of Defendant's products and services, or as to some affiliation, connection, or association of Defendant with BMW;

(b) enables Defendant to trade off of and receive the benefit of goodwill BMW built up at great labor and expense over many years, and to gain acceptance for Defendant's products and services not solely on their own merits, but on the reputation and goodwill of BMW, its trademarks, and its products and services;

(c) unjustly enriches Defendant; and

(d) unlawfully removes from BMW the ability to control the nature and quality of products and services provided under BMW's trademarks and places the goodwill and valuable reputation of BMW in the hands of Defendant, over whom BMW has no control.

**ii. <u>Design Patent Infringement</u>**

25. Defendant is infringing BMW U.S. Design Patent No. 560,585 ("the '585 patent") by manufacturing, importing, offering to sell and/or selling wheels that are covered by the '585 patent. A copy of BMW's U.S. Design Patent No. 560,585 and a printout from Defendant's online store showing this wheel style are attached hereto as Exhibits 5(A) and (B), respectively.

26. Defendant is infringing BMW U.S. Design Patent No. 521,921 ("the '921 patent") by manufacturing, importing, offering to sell and/or selling wheels that are covered by the '921 patent. A copy of BMW's U.S. Design Patent No. 521,921 and a printout from Defendant's online store showing this wheel style are attached hereto as Exhibits 6(A) and (B), respectively.

27. Defendant is infringing BMW U.S. Design Patent No. 502,679 ("the '679 patent") by manufacturing, importing, offering to sell and/or selling wheels

that are covered by the '679 patent.  A copy of BMW's U.S. Design Patent No. 502,679 and a printout from Defendant's online store showing this wheel style are attached hereto as Exhibits 7(A) and (B), respectively.

28.     Defendant is infringing BMW U.S. Design Patent No. 522,949 ("the '949 patent") by manufacturing, importing, offering to sell and/or selling wheels that are covered by the '949 patent.  A copy of BMW's U.S. Design Patent No. 522,949 and a printout from Defendant's online store showing this wheel style are attached hereto as Exhibits 8(A) and (B), respectively.

29.     Defendant is infringing BMW U.S. Design Patent No. 496,623 ("the '623 patent") by manufacturing, importing, offering to sell and/or selling wheels that are covered by the '623 patent.  A copy of BMW's U.S. Design Patent No. 496,623 and a printout from Defendant's online store showing this wheel style are attached hereto as Exhibits 9(A) and (B), respectively.

30.     Defendant is infringing BMW U.S. Design Patent No. 516,003 ("the '003 patent") by manufacturing, importing, offering to sell and/or selling wheels that are covered by the '003 patent.  A copy of BMW's U.S. Design Patent No. 516,003 and a printout from Defendant's online store showing this wheel style are attached hereto as Exhibits 10(A) and (B), respectively.

31.     Defendant has been infringing BMW U.S. Design Patent No. 480,035 ("the '035 patent") by manufacturing, importing, offering to sell and/or selling wheels that are covered by the '035 patent.  A copy of BMW's U.S. Design Patent No. 480,035 and excerpts from Defendant's online store showing this wheel style are attached hereto as Exhibit 11(A) and (B), respectively.

32.     Defendant is infringing BMW U.S. Design Patent No. 500,005 ("the '005 patent") by manufacturing, importing, offering to sell and/or selling wheels that are covered by the '005 patent.  A copy of BMW's U.S. Design Patent No. 500,005 and a printout from Defendant's online store showing this wheel style are attached hereto as Exhibit 12(A) and (B), respectively.

33. Defendant has been infringing BMW U.S. Design Patent No. 514,999 ("the '999 patent") by manufacturing, importing, offering to sell and/or selling wheels that are covered by the '999 patent. A copy of BMW's U.S. Design Patent No. 514,999 and excerpts from Defendant's online store showing this wheel style are attached hereto as Exhibit 13(A) and (B), respectively.

34. Defendant is infringing BMW U.S. Design Patent No. 517,970 ("the '970 patent") by manufacturing, importing, offering to sell and/or selling wheels that are covered by the '970 patent. A copy of BMW's U.S. Design Patent No. 517,970 and a printout from Defendant's online store showing this wheel style are attached hereto as Exhibit 14(A) and (B), respectively.

35. Defendant is infringing BMW U.S. Design Patent No. 594,396 ("the '396 patent") by manufacturing, importing, offering to sell and/or selling wheels that are covered by the '396 patent. A copy of BMW's U.S. Design Patent No. 594,396 and a printout from Defendant's online store showing this wheel style are attached hereto as Exhibit 15(A) and (B), respectively.

36. Defendant is infringing BMW U.S. Design Patent No. 408,346 ("the '346 patent") by manufacturing, importing, offering to sell and/or selling wheels that are covered by the '346 patent. A copy of BMW's U.S. Design Patent No. 594,346 and a printout from Defendant's online store showing this wheel style are attached hereto as Exhibit 16(A) and (B), respectively.

37. Defendant is infringing BMW U.S. Design Patent No. 409,968 ("the '968 patent") by manufacturing, importing, offering to sell and/or selling wheels that are covered by the '968 patent. A copy of BMW's U.S. Design Patent No. 409,968 and a printout from Defendant's online store showing this wheel style are attached hereto as Exhibit 17(A) and (B), respectively.

38. Defendant is infringing BMW U.S. Design Patent No. 449,028 ("the '028 patent") by manufacturing, importing, offering to sell and/or selling wheels that are covered by the '028 patent. A copy of BMW's U.S. Design Patent No.

449,028 and a printout from Defendant's online store showing this wheel style are attached hereto as Exhibit 18(A) and (B), respectively.

39. Defendant is infringing BMW U.S. Design Patent No. 493,404 ("the '404 patent") by manufacturing, importing, offering to sell and/or selling wheels that are covered by the '404 patent. A copy of BMW's U.S. Design Patent No. 493,404 and a printout from Defendant's online store showing this wheel style are attached hereto as Exhibit 19(A) and (B), respectively.

40. Defendant is infringing BMW U.S. Design Patent No. 504,100 ("the '100 patent") by manufacturing, importing, offering to sell and/or selling wheels that are covered by the '100 patent. A copy of BMW's U.S. Design Patent No. 504,100 and a printout from Defendant's online store showing this wheel style are attached hereto as Exhibit 20(A) and (B), respectively.

41. BMW has been damaged and continues to be damaged by Defendant's activities in the manner described above.

42. Unless these acts of Defendant are restrained by this Court, they will continue to cause irreparable injury to BMW and to the public for which there is no adequate remedy at law.

## V. FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement and Counterfeiting Under Lanham Act § 32, 15 U.S.C. § 1114(1))

43. BMW realleges and incorporates the allegations set forth in paragraphs 1 through 42 herein.

44. Defendant's advertisement and sale of non-genuine hood, trunk, and side emblems and wheel center caps bearing BMW's Roundel logo constitute trademark counterfeiting and is otherwise likely to cause confusion, cause mistake, or deceive customers as to source, sponsorship, affiliation, or association.

45. Plaintiffs own a trademark registration for the Roundel logo specifically covering "land vehicles and parts thereof" and "car bodies and parts

thereof" in International Class 12 (Reg. No. 1,450,212). The emblems and center caps – and the hoods, trunks, side panels, and wheels on which these items are mounted – are parts of land vehicles and car bodies.

46. Defendant's advertisement of non-genuine wheels with center caps bearing BMW's Roundel logo, display of BMW's Roundel logo in its store banner at www.bmwwholesaleparts.com, registration of at least three BMW-composite domain names, and description of non-genuine goods as "BMW emblems," "BMW radiators," and the like, falsely indicates that Defendant's products are made, authorized, sponsored or approved by Plaintiffs, when such is not the case, and is likely to cause confusion, mistake, and deception as to the source, affiliation or association of Defendant's products.

47. The acts of Defendant complained of herein constitute use in commerce of reproductions, copies, or colorable imitations of Plaintiffs' federally registered Roundel logo and "BMW" mark in connection with the sale, offering for sale, distribution and advertising of goods and services in violation of 15 U.S.C. § 1114(1).

48. Defendant's acts complained of herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of Plaintiffs' rights in their marks and with intent to trade off Plaintiffs' vast goodwill in their marks.

49. As a result of the foregoing alleged actions of Defendant, Plaintiffs have been injured and damaged. Unless the foregoing alleged actions of Defendant are enjoined, Plaintiffs will continue to suffer injury and damage.

## VI. SECOND CLAIM FOR RELIEF

**(Federal Unfair Competition and False Designation of Origin Under Lanham Act § 43(a), 15 U.S.C. § 1125(a))**

50. BMW realleges and incorporates the allegations set forth in paragraphs 1 through 49 herein.

51.     Defendant's advertisement and sale of non-genuine hood, trunk, and side emblems and wheel center caps  bearing BMW's Roundel logo falsely indicates that Defendant and its products and services are connected with, sponsored by, affiliated with, or related to BMW.

52.     Defendant's advertisement of non-genuine wheels with center caps bearing BMW's Roundel logo, display of BMW's Roundel logo in its store banner at www.bmwwholesaleparts.com, registration of at least three BMW-composite domain names, and description of non-genuine goods as "BMW emblems," "BMW radiators," and the like, falsely indicates that Defendant's products are made, authorized, sponsored or approved by Plaintiffs, when such is not the case, and is likely to cause confusion, mistake, and deception as to the source, affiliation or association of Defendant's products.

53.     Defendant's unauthorized use of BMW's Roundel logo and "BMW" mark in connection with its business as described herein has caused, and is likely to continue to cause confusion, mistake, and deception as to the source or sponsorship of Defendant and its products and services.

54.     The acts of Defendant complained of herein constitute unfair competition, false designation of origin, and trade name infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55.     Defendant's acts complained of herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of BMW's rights in its marks.

56.     As a result of the foregoing alleged actions of Defendant, BMW has been injured and damaged.  Unless the foregoing alleged actions of Defendant are enjoined, BMW will continue to suffer injury and damage.

## VII. THIRD CLAIM FOR RELIEF

**(Violation of the Anticybersquatting Consumer Protection Act Lanham Act § 43(d), 15 U.S.C. § 1125(d))**

57. BMW realleges and incorporates the allegations set forth in paragraphs 1 through 56 herein.

58. The domain names registered by Defendant, (i) www.alloembmwparts.com; (ii) www.bmwpartstore.com; and (iii) www.bmwwholesaleparts.com, incorporate Plaintiffs' "BMW" mark. The "BMW" mark was famous and/or distinctive at the time of the registration of these domain names.

59. Defendant's registration, warehousing, and use of these domain names has been and is in bad faith, in that the registration and use occurred (i) with full knowledge and conscious disregard of BMW's rights in its "BMW" mark and (ii) with an intent to profit from BMW's vast goodwill in this mark through Defendant's sale of counterfeit and infringing goods at these domains.

60. The acts of Defendant complained of herein constitute cybersquatting in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

61. As a result of the foregoing alleged actions, BMW has been injured and damaged. Unless the foregoing alleged actions of Defendant are enjoined, BMW will continue to suffer injury and damage.

## VIII. FOURTH CLAIM FOR RELIEF

**(California Statutory Unfair Competition Under Cal. Bus. & Prof. Code §§ 17200, *et seq*.)**

62. BMW realleges and incorporates the allegations set forth in paragraphs 1 through 61 herein.

63. Defendant's business practices are unlawful, unfair, and/or fraudulent and therefore violate Cal. Bus. & Prof. Code §§ 17200, *et seq*.

64.     As a result of Defendant's acts of unfair competition, BMW has suffered and will continue to suffer damage, and Defendant has been unjustly enriched.

65.     By reason of Defendant's acts, BMW has suffered, and will continue to suffer irreparable harm, for which BMW has no adequate remedy at law, unless and until Defendant is enjoined.

## IX.     FIFTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

66.     BMW realleges and incorporates the allegations set forth in paragraphs 1 through 65 herein.

67.     The acts of Defendant complained of herein constitute trademark infringement and unfair competition in violation of the common law of California.

68.     Defendant's use of the infringing marks as described above has caused, is causing and, unless enjoined by this Court, will continue to cause confusion and mistake in the marketplace and deception of the trade and public as to the relationship or affiliation of the parties and the source, origin, or sponsorship of their respective products and/or services.

69.     Defendant, with full knowledge of BMW's rights in its Roundel logo and "BMW" mark, and of the valuable goodwill associated therewith, has committed the acts alleged herein willfully, with the intent to trade off, or in complete disregard of, BMW's goodwill and the goodwill associated with BMW's marks.

70.     As a result of the foregoing alleged actions, Defendant has been unjustly enriched and BMW has been injured and damaged.  Unless the foregoing alleged actions of Defendant are enjoined, BMW will continue to suffer injury and damage.

71.     Defendant's use of the infringing marks as described above has impaired, is impairing and, unless enjoined by this Court, will continue to impair

BMW's reputation under its trademarks and has caused, is causing and, unless enjoined by this Court, will continue to cause injury and damage to BMW for which BMW is entitled to relief under the common law.

## X. SIXTH CLAIM FOR RELIEF

**(Design Patent Infringement of U.S. Design Patent No. 560,585 Under 35 U.S.C. §271)**

72. BMW realleges and incorporates the allegations set forth in paragraphs 1 through 71 herein.

73. Defendant has been infringing U.S. Design Patent No. 560,585 in violation of 35 U.S.C. § 271 by making, offering for sale, selling, and/or distributing products that are covered by the '585 patent in the United States.

74. As a result of Defendant's infringement, Plaintiffs have suffered and will continue to suffer damages. Upon information and belief, Defendant's infringement will persist unless enjoined by this Court.

75. The acts complained of herein constitute design patent infringement in violation of 35 U.S.C. § 271.

## XI. SEVENTH CLAIM FOR RELIEF

**(Design Patent Infringement of U.S. Design Patent No. 521,921 Under 35 U.S.C. §271**

76. BMW realleges and incorporates the allegations set forth in paragraphs 1 through 75 herein.

77. Defendant has been infringing U.S. Design Patent No. 521,921 in violation of 35 U.S.C. § 271 by making, offering for sale, selling, and/or distributing products that are covered by the '921 patent in the United States.

78. As a result of Defendant's infringement, Plaintiffs have suffered and will continue to suffer damages. Upon information and belief, Defendant's infringement will persist unless enjoined by this Court.

79. The acts complained of herein constitute design patent infringement in violation of 35 U.S.C. § 271.

## XII. EIGHTH CLAIM FOR RELIEF

**(Design Patent Infringement of U.S. Design Patent No. 502,679 Under 35 U.S.C. §271)**

80. BMW realleges and incorporates the allegations set forth in paragraphs 1 through 79 herein.

81. Defendant has been infringing U.S. Design Patent No. 502,679 in violation of 35 U.S.C. § 271 by making, offering for sale, selling, and/or distributing products that are covered by the '679 patent in the United States.

82. As a result of Defendant's infringement, Plaintiffs have suffered and will continue to suffer damages. Upon information and belief, Defendant's infringement will persist unless enjoined by this Court.

83. The acts complained of herein constitute design patent infringement in violation of 35 U.S.C. § 271.

## XIII. NINTH CLAIM FOR RELIEF

**(Design Patent Infringement of U.S. Design Patent No. 522,949 Under 35 U.S.C. §271)**

84. BMW realleges and incorporates the allegations set forth in paragraphs 1 through 83 herein.

85. Defendant has been infringing U.S. Design Patent No. 522,949 in violation of 35 U.S.C. § 271 by making, offering for sale, selling, and/or distributing products that are covered by the '949 patent in the United States.

86. As a result of Defendant's infringement, Plaintiffs have suffered and will continue to suffer damages. Upon information and belief, Defendant's infringement will persist unless enjoined by this Court.

87. The acts complained of herein constitute design patent infringement in violation of 35 U.S.C. § 271.

## XIV. TENTH CLAIM FOR RELIEF

**(Design Patent Infringement of U.S. Design Patent No. 496,623 Under 35 U.S.C. §271)**

88. BMW realleges and incorporates the allegations set forth in paragraphs 1 through 87 herein.

89. Defendant has been infringing U.S. Design Patent No. 496,623 in violation of 35 U.S.C. § 271 by making, offering for sale, selling, and/or distributing products that are covered by the '623 patent in the United States.

90. As a result of Defendant's infringement, Plaintiffs have suffered and will continue to suffer damages. Upon information and belief, Defendant's infringement will persist unless enjoined by this Court.

91. The acts complained of herein constitute design patent infringement in violation of 35 U.S.C. § 271.

## XV. ELEVENTH CLAIM FOR RELIEF

**(Design Patent Infringement of U.S. Design Patent No. 516,003 Under 35 U.S.C. §271)**

92. BMW realleges and incorporates the allegations set forth in paragraphs 1 through 91 herein.

93. Defendant has been infringing U.S. Design Patent No. 516,003 in violation of 35 U.S.C. § 271 by making, offering for sale, selling, and/or distributing products that are covered by the '003 patent in the United States.

94. As a result of Defendant's infringement, Plaintiffs have suffered and will continue to suffer damages. Upon information and belief, Defendant's infringement will persist unless enjoined by this Court.

95. The acts complained of herein constitute design patent infringement in violation of 35 U.S.C. § 271.

## XVI. TWELFTH CLAIM FOR RELIEF

**(Design Patent Infringement of U.S. Design Patent No. 480,035 Under 35 U.S.C. §271)**

96. BMW realleges and incorporates the allegations set forth in paragraphs 1 through 95 herein.

97. Defendant has been infringing U.S. Design Patent No. 480,035 in violation of 35 U.S.C. § 271 by making, offering for sale, selling, and/or distributing products that are covered by the '035 patent in the United States.

98. As a result of Defendant's infringement, Plaintiffs have suffered and will continue to suffer damages. Upon information and belief, Defendant's infringement will persist unless enjoined by this Court.

99. The acts complained of herein constitute design patent infringement in violation of 35 U.S.C. § 271.

## XVII. THIRTEENTH CLAIM FOR RELIEF

**(Design Patent Infringement of U.S. Design Patent No. 500,005 Under 35 U.S.C. §271)**

100. BMW realleges and incorporates the allegations set forth in paragraphs 1 through 99 herein.

101. Defendant has been infringing U.S. Design Patent No. 500,005 in violation of 35 U.S.C. § 271 by making, offering for sale, selling, and/or distributing products that are covered by the '005 patent in the United States.

102. As a result of Defendant's infringement, Plaintiffs have suffered and will continue to suffer damages. Upon information and belief, Defendant's infringement will persist unless enjoined by this Court.

103. The acts complained of herein constitute design patent infringement in violation of 35 U.S.C. § 271.

## XVIII. FOURTEENTH CLAIM FOR RELIEF

**(Design Patent Infringement of U.S. Design Patent No. 514,999 Under 35 U.S.C. §271)**

104. BMW realleges and incorporates the allegations set forth in paragraphs 1 through 103 herein.

105. Defendant has been infringing U.S. Design Patent No. 514,999 in violation of 35 U.S.C. § 271 by making, offering for sale, selling, and/or distributing products that are covered by the '999 patent in the United States.

106. As a result of Defendant's infringement, Plaintiffs have suffered and will continue to suffer damages. Upon information and belief, Defendant's infringement will persist unless enjoined by this Court.

107. The acts complained of herein constitute design patent infringement in violation of 35 U.S.C. § 271.

## XIX. FIFTEENTH CLAIM FOR RELIEF

**(Design Patent Infringement of U.S. Design Patent No. 517,970 Under 35 U.S.C. §271)**

108. BMW realleges and incorporates the allegations set forth in paragraphs 1 through 107 herein.

109. Defendant has been infringing U.S. Design Patent No. 517,970 in violation of 35 U.S.C. § 271 by making, offering for sale, selling, and/or distributing products that are covered by the '970 patent in the United States.

110. As a result of Defendant's infringement, Plaintiffs have suffered and will continue to suffer damages. Upon information and belief, Defendant's infringement will persist unless enjoined by this Court.

111. The acts complained of herein constitute design patent infringement in violation of 35 U.S.C. § 271.

## XX. SIXTEENTH CLAIM FOR RELIEF

**(Design Patent Infringement of U.S. Design Patent No. 594,396 Under 35 U.S.C. §271)**

112. BMW realleges and incorporates the allegations set forth in paragraphs 1 through 111 herein.

113. Defendant has been infringing U.S. Design Patent No. 594,396 in violation of 35 U.S.C. § 271 by making, offering for sale, selling, and/or distributing products that are covered by the 594,396 patent in the United States.

114. As a result of Defendant's infringement, Plaintiffs have suffered and will continue to suffer damages. Upon information and belief, Defendant's infringement will persist unless enjoined by this Court.

115. The acts complained of herein constitute design patent infringement in violation of 35 U.S.C. § 271.

## XXI. SEVENTEENTH CLAIM FOR RELIEF

**(Design Patent Infringement of U.S. Design Patent No. 408,346 Under 35 U.S.C. §271)**

116. BMW realleges and incorporates the allegations set forth in paragraphs 1 through 115 herein.

117. Defendant has been infringing U.S. Design Patent No. 408,346 in violation of 35 U.S.C. § 271 by making, offering for sale, selling, and/or distributing products that are covered by the 408,346 patent in the United States.

118. As a result of Defendant's infringement, Plaintiffs have suffered and will continue to suffer damages. Upon information and belief, Defendant's infringement will persist unless enjoined by this Court.

119. The acts complained of herein constitute design patent infringement in violation of 35 U.S.C. § 271.

## XXII. EIGHTEENTH CLAIM FOR RELIEF

**(Design Patent Infringement of U.S. Design Patent No. 409,968 Under 35 U.S.C. §271)**

120. BMW realleges and incorporates the allegations set forth in paragraphs 1 through 119 herein.

121. Defendant has been infringing U.S. Design Patent No. 409,968 in violation of 35 U.S.C. § 271 by making, offering for sale, selling, and/or distributing products that are covered by the 409,968 patent in the United States.

122. As a result of Defendant's infringement, Plaintiffs have suffered and will continue to suffer damages. Upon information and belief, Defendant's infringement will persist unless enjoined by this Court.

123. The acts complained of herein constitute design patent infringement in violation of 35 U.S.C. § 271.

## XXIII. NINETEENTH CLAIM FOR RELIEF

**(Design Patent Infringement of U.S. Design Patent No. 449,028 Under 35 U.S.C. §271)**

124. BMW realleges and incorporates the allegations set forth in paragraphs 1 through 123 herein.

125. Defendant has been infringing U.S. Design Patent No. 449,028 in violation of 35 U.S.C. § 271 by making, offering for sale, selling, and/or distributing products that are covered by the 449,028 patent in the United States.

126. As a result of Defendant's infringement, Plaintiffs have suffered and will continue to suffer damages. Upon information and belief, Defendant's infringement will persist unless enjoined by this Court.

127. The acts complained of herein constitute design patent infringement in violation of 35 U.S.C. § 271.

## XXIV. TWENTIETH CLAIM FOR RELIEF

**(Design Patent Infringement of U.S. Design Patent No. 493,404 Under 35 U.S.C. §271)**

128. BMW realleges and incorporates the allegations set forth in paragraphs 1 through 127 herein.

129. Defendant has been infringing U.S. Design Patent No. 493,404 in violation of 35 U.S.C. § 271 by making, offering for sale, selling, and/or distributing products that are covered by the 493,404 patent in the United States.

130. As a result of Defendant's infringement, Plaintiffs have suffered and will continue to suffer damages. Upon information and belief, Defendant's infringement will persist unless enjoined by this Court.

131. The acts complained of herein constitute design patent infringement in violation of 35 U.S.C. § 271.

## XXV. TWENTY-FIRST CLAIM FOR RELIEF

**(Design Patent Infringement of U.S. Design Patent No. 504,100 Under 35 U.S.C. §271)**

132. BMW realleges and incorporates the allegations set forth in paragraphs 1 through 131 herein.

133. Defendant has been infringing U.S. Design Patent No. 504,100 in violation of 35 U.S.C. § 271 by making, offering for sale, selling, and/or distributing products that are covered by the 504,100 patent in the United States.

134. As a result of Defendant's infringement, Plaintiffs have suffered and will continue to suffer damages. Upon information and belief, Defendant's infringement will persist unless enjoined by this Court.

135. The acts complained of herein constitute design patent infringement in violation of 35 U.S.C. § 271.

## PRAYER FOR RELIEF

WHEREFORE, BMW prays that:

1. Defendant be adjudged liable as to the foregoing claims.

2. Defendant, its agents, servants, employees, affiliates, subsidiaries, related companies, partners, wholesalers, importers, exporters, distributors, and all others in active concert or participation with any of them, be permanently enjoined and restrained from:

(a) manufacturing, advertising, offering for sale, ordering, taking orders for, purchasing, brokering, importing, selling, distributing, warehousing, marketing or promoting any non-genuine BMW products that display or otherwise bear any BMW trademarks or colorable imitations thereof;

(b) displaying BMW's Roundel logo or any other BMW logo or colorable imitation thereof, in connection with its or any business;

(c) registering, offering for sale, selling, or otherwise using domain names or monikers incorporating the letters BMW or any of BMW's other famous marks in a manner that is likely to be confusing as to source, sponsorship, affiliation or approval;

(d) describing products that are not made or authorized by BMW as "BMW [product]," and the like, whether in product titles, listings, or hyperlinks;

(e) manufacturing, importing, marketing, advertising, offering to sell and/or selling wheels that infringe upon BMW's U.S. Design Patent Nos. 560,585; 521,921; 502,679; 522,949; 496,623; 516,003; 480,035; 500,005; 514,999; 517,970; 594,396; 408,346; 409,968; 449,028; 493,404; and 504,100; and

(f) doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendant emanates from, or

is connected with, sponsored or approved by, BMW, or that any of its products are otherwise authorized by BMW.

3.     Defendant, in accordance with Section 43(d) of the United States Trademark Act, 15 U.S.C. § 1125(d), be required to cancel or, at BMW's election, transfer the domain names (i) www.bmwpartstore.com, (ii) www.bmwwholesaleparts.com, and (iii) www.alloembmwparts.com to BMW.

4.     Defendant, in accordance with Section 34(a) of the United States Trademark Act, 15 U.S.C. § 1116(a), be required to file with the Court, and serve upon BMW, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with the terms of such injunction.

5.     Defendant be required to pay to BMW for its willful counterfeiting and trademark infringement:

(a)     in accordance with Section 35 of the United States Trademark Act, 15 U.S.C. § 1117(b) and (c), an award of Defendant's profits and BMW's actual damages, including pre-judgment interest, the greater of which being trebled, or statutory damages up to $2 million per counterfeit mark per type of counterfeit good sold by Defendant, offered for sale, or distributed by Defendant, resulting from Defendant's intentional use of BMW's federally registered trademark in connection with the sale of products that are not made or authorized by BMW;

(b)     in accordance with Section 35(a) of the United States Trademark Act, 15 U.S.C. § 1117(a) and (b), an award of treble BMW's actual damages plus Defendant's profits;

(c)     exemplary or punitive damages in a sum sufficient to deter future acts of and trademark infringement, as well as of unfair competition;

(d) statutory damages of $200,000.00 per domain name relating to Defendant's unlawful acts of cybersquatting; and

(e) BMW's attorneys' fees and costs of this action.

6. Defendant be required to pay to BMW for its design patent infringement:

(a) total profits pursuant to 35 U.S.C. § 289; and

(b) BMW's damages, trebled pursuant to 35 U.S.C. § 284.

7. BMW recover such other relief as the Court may deem appropriate.

Dated: September 22, 2011

Respectfully submitted,

JONES DAY

By [signature]
Brent D. Sokol (SBN 167537)
bdsokol@JonesDay.com

John G. Froemming (*pro hac vice* application to be submitted
jfroemming@jonesday.com
David Jaquette (*pro hac vice* application to be submitted)
djaquette@jonesday.com

Attorneys for Plaintiffs
BMW OF NORTH AMERICA, LLC
and BAYERISCHE MOTOREN WERKE AG

**DEMAND FOR JURY TRIAL**

Plaintiffs BMW of North America, LLC and Bayerische Motoren Werke AG hereby demand trial by jury.

Dated: September 22, 2011

Respectfully submitted,

JONES DAY

By [signature]
Brent D. Sokol (SBN 167537)
bdsokol@JonesDay.com

John G. Froemming (*pro hac vice* application to be submitted
jfroemming@jonesday.com
David Jaquette (*pro hac vice* application to be submitted)
djaquette@jonesday.com

Attorneys for Plaintiffs
BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AG

Name & Address:
Brent D. Sokol (SBN 167537)
JONES DAY
555 South Flower St., 50th Floor
Los Angeles, CA 90071

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AG,

PLAINTIFF(S)

v.

U.S. AUTO PARTS NETWORK, INC.,

DEFENDANT(S).

CASE NUMBER

CV11-07863PLA

**SUMMONS**

TO: DEFENDANT(S): U.S. AUTO PARTS NETWORK, INC.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ ____________ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Brent D. Sokol, whose address is Jones Day, 555 South Flower Street, 50th Floor, Los Angeles, CA 90071. If you fail to do so, judgment by default will be entered against you for the ~~relief~~ demanded in the complaint. You also must file your answer or motion with the court.

Dated: SEP 22 2011

Clerk, U.S. District Court

By: [signature]
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

Name & Address:
Brent D. Sokol (SBN 167537)
JONES DAY
555 South Flower St., 50th Floor
Los Angeles, CA 90071

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AG,

PLAINTIFF(S)

v.

U.S. AUTO PARTS NETWORK, INC.,

DEFENDANT(S).

CASE NUMBER

CV11-07863PLA

**SUMMONS**

TO: DEFENDANT(S): U.S. AUTO PARTS NETWORK, INC.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ ______ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Brent D. Sokol, whose address is Jones Day, 555 South Flower Street, 50th Floor, Los Angeles, CA 90071. If you fail to do so, judgment by default will be entered against you for the ~~relief~~ demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: SEP 22 2011

By: JULIE PRADO
Deputy Clerk

SEAL

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AG

**DEFENDANTS**
U.S. AUTO PARTS NETWORK, INC.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Jones Day
555 S. Flower St., 50th Fl., Los Angeles, CA 90071
213-489-3939

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☑ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☐ **MONEY DEMANDED IN COMPLAINT: $** at least $600,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC Sec. 1051 et seq (sale of infringing goods bearing BMW logo); 35 USC Sec. 271 (sale of vehicle parts that infringe BMW's design patents); 15 USC Sec. 1125(d)

**VII. NATURE OF SUIT (Place an X in one box only.)**

OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

TORTS
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

IMMIGRATION
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

TORTS
PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

FORFEITURE / PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☑ 840 Trademark

SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: ____________________

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): ______

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Bergen County, New Jersey<br>Munich, Germany |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): Brent D. Sokol **Date** 9/22/11

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |